CAPIFALI, PLAINTIFF AND APPELLEE, v. LLOVERAS, DEFENDANT
AND APPELLANT.

APPEAL from the First District Court of San Juan in an
Action for Provisional Support.

No. 3358.—Decided November 28, 1924.

SUPPORT—PLEADING—DEMURRER—DIVORCE.—As the complaint in an action for
support specified that the plaintiff was suing in the name and for the benefit
of her daughter because of the relationship between the child and the de-
fendant father, it can not be held that the court erred in overruling a
demurrer on the ground that the mother was suing for support for herself
while an action for divorce was pending.

ID.—ID.—DOMICILE.—A complaint in which it is alleged that the defendant is a
sergeant in the United States Army detailed at San Juan, in which district
the action was brought, sufficiently alleges the domicile of the defendant.

ID.—RIGHT TO ELECT.—A person obliged to render support who does not offer
to give the support ''in his own dwelling'' to the person having a right
thereto, but offers it at the house of his father and brothers, has not the
right to elect referred to in section 218 of the Civil Code.

ID. — ID. — When the innocent spouse sues for the support of the child placed
under her patria potestas by the decree of divorce the defendant father can
not exercise the right of election allowed by section 218 of the Civil Code.

The facts are stated in the opinion.

Mr. C. Honoré for the appellant.

Mr. F. Acosta Velarde for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Agatha Lloveras Capifali was placed under the patria
potestas of her lawful mother, Ricarda Capifali, by virtue
of a judgment rendered in an action of divorce brought by
her against her husband, Santiago Lloveras. Subsequently
when the daughter was nine years of age the mother, in
representation of her said daughter, brought an action
against Santiago Lloveras alleging that she had no re-
sources for supporting and educating her daughter and that
the girl's father was earning a salary of $185 a month and
had other sources of income, praying that the defendant be
adjudged to allow his daughter $75 a month for her sup-
port. Lloveras answered alleging that his only income was
his salary of $175.50 which was reduced to $75.50 because
he had to spend $100 monthly for the support of his father

and several sisters. In reconvention he alleged that he was willing to educate and support his daughter by paying her tuition at an accredited school and ''supporting her at the home of his father and sisters,'' citing section 218 of the Civil Code, as follows:

''The person obliged to render support may, if he so elects, either pay the amount required to be paid or receive and maintain in his own dwelling the person having a right to such support.''

On these allegations and statutory authority Lloveras prayed that the complaint be dismissed and that his reconvention be sustained, ordering that his daughter should receive support ''in the home of his father and sisters.'' The judgment was that the defendant should pay to his daughter $50 a month for her support, without ordering that she should receive support as prayed for in the reconvention. Therefore the defendant took the present appeal.

The appellant alleges on appeal that the court below erred in overruling his demurrer to the complaint for support, but we shall not stop to consider this question because the complaint clearly avers that the mother brought the action in the name and for the benefit of her daughter by reason of the relationship between the daughter and the defendant; therefore, Ricarda Capifali can not be considered as suing for the support of herself during the divorce, as contended by the appellant. And as to the allegation that the complaint did not state the domicile of the defendant, it will suffice to say that it was alleged therein that the defendant was a sergeant in the United States Army stationed at San Juan, in which district the action was brought.

The second assignment is based on the grounds that a preponderance of the evidence showed that the appellant had not sufficient means for paying the monthly allowance and that he had a right to pay it by giving the support in his home, according to the election allowed him under section 218 of the Civil Code.

We have examined the evidence offered at the trial and

are convinced by it that the amount fixed for support by the trial court is in proportion to the means of the appellant.

Let us examine the other aspect of the second assignment. The right of election granted by section 218, *supra,* is not absolute and inflexible, as held by this court in the case of *Moll* v. *Llompart,* 17 P.R.R. 666, wherein, citing the judgment of the Supreme Court of Spain of July 5, 1901, the following was said:

" * * * 'the right of option which section 149 of the Civil Code of Spain (sec. 218 of the Porto Rico Code) allows to the person obliged to render support, to either pay the amount required to be paid, or receive or maintain in his own dwelling the recipient, is not absolute or inflexible, but is subordinated to the double condition that the person obliged to render such support should have a home of his own, and that there be no legal or moral obstacle to prevent the recipient from moving into the same and receiving therein the sum of comforts and succor, both natural and civil, which are juridically meant by the word support; because if either of these elements is lacking, the election becomes impossible both in fact and in law, and the obligation to render support must be fulfilled in the first way indicated.' To the same effect are the American authorities. (See 21 Cyc., p. 1150.)"

A similar rule was applied by the Supreme Court of Spain in its judgments of January 31, 1902; May 11, 1897; November 25, 1899, and December 5, 1903.

In accordance, therefore, with that jurisprudence, and especially with the language of the statute which confers upon the person bound to support another the right to receive and support such person in his own dwelling, the appellant has no right of election because both the allegations of his reconvention and the evidence show that he would not receive the recipient of the support in his own home.

Besides, as a matter of law, the appellant can not exercise the right of election recognized by the said section, because the *patria potestas* was given to the mother and the right of election would be contrary to law since the mother

would be deprived of the *patria potestas*. In a case similar to this the Supreme Court of Spain, in its judgment of November 25, 1899, 88 *Jurisprudencia Civil,* 402, said that "the grandfather having been adjudged to give support to his grandchildren, if he should take them with him and separate them from their mother, she could not possibly exercise the rights of *patria potestas* over them and it would not be logical or reasonable to subordinate such rights to the right of election when they can be lawfully harmonized by one of the recognized manners of giving support, that is, by paying the allowance."

Concerning the imposition of costs, we think that no error was committed, considering the attitude of the defendant.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Hutchison and Franco Soto concurred.

Mr. Justice Wolf concurred in the judgment.